**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Anthony Williams

    v.                                                                        Civil No. 12-cv-340-SM

Michael J. Astrue, Commissioner,
United States Social Security
Administration


**O R D E R**


Pro se claimant Anthony Williams has filed an action challenging a decision of an Administrative Law Judge of the Social Security Administration ("SSA") denying his claim for social security disability insurance. Because Williams is proceeding pro se and in forma pauperis, the matter is before the court for preliminary review. See 28 U.S.C. § 1915(e)(2); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B).


Discussion

The Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the SSA:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a

>     civil action commenced within sixty days after the mailing
>     to him of notice of such decision or within such further
>     time as the Commissioner of Social Security may
>     allow. . . .

Id. (emphasis added).

A claimant for social security disability benefits is generally required to exhaust administrative remedies before seeking judicial review.[1] See 42 U.S.C. § 405(g). To exhaust administrative remedies, a claimant must generally proceed through all stages of the administrative appeals process, culminating in a final decision from the SSA Commissioner, before filing a lawsuit. The record before me lacks proof that Williams has proceeded through all stages of the administrative appeals process and has received a final decision of the Commissioner on his social security disability insurance claim.

Accordingly, Williams must amend his complaint to show that he has received a final decision from the SSA Commissioner on his application, for the purpose of showing that his appeal is properly before the court pursuant to 42 U.S.C. § 405(g).

---

[1] In certain circumstances, the exhaustion requirement may be waived. See generally Bowen v. City of New York, 476 U.S. 467, 484 (1986). This case does not present facts warranting a waiver of the exhaustion requirement.

## Conclusion

Williams is hereby directed, within 30 days of the date of this Order, to file an amended complaint that shows he has received a final decision of the Commissioner of the Social Security Administration, on his claim for benefits. Williams shall file a copy of the notice of the Commissioner's final decision as an attachment to that amended complaint. Failure to comply with this order will result in a recommendation that this complaint be dismissed.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

September 6, 2012

cc: Anthony Williams, pro se

LBM:nmd